in the matter of a.j.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-390-CV

IN THE MATTER OF A.J.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The trial court adjudicated appellant A.J. delinquent of the offense of aggravated robbery with a deadly weapon and committed him to the care, custody, and control of the Texas Youth Commission for a term of eight years. In one point, A.J. argues that the trial court reversibly erred and abused its discretion by admitting his confession over his objection
(footnote: 2) that the requisites of Texas Family Code sections 51.09 and 51.095 had not been satisfied.  
Tex. Fam. Code Ann.
 §§ 51.09, 51.095 (Vernon 2002).  We will affirm.

II.  
Factual Background

Two individuals testified that on August 28, 2004 A.J. pointed a gun at them and robbed them as they were working at their family-run restaurant.  A.J. gave a statement to police in which he admitted that he held a gun and acted as a lookout during the robbery but denied participation in the physical acts of robbery that occurred inside the restaurant. 

III.  Magistrate Warnings Timely Given

In his sole point, A.J. contends that the trial court reversibly erred and abused its discretion by admitting his confession into evidence over his objection that the statutory requirements of Texas Family Code sections 51.09 and 51.095 had not been met.  
Id.
  Specifically, A.J. complains that time notations made by the magistrate on the written warnings establish that he was not given the statutorily required juvenile warnings until after he made his written statement.  He claims that the notations show that he was warned at 11:43 a.m. but that he signed the statement fifteen minutes earlier at 11:28 a.m. 

Section 51.095 of the family code governs the admissibility of statements made by a juvenile.  
Tex. Fam. Code Ann.
 § 51.095.  It provides that a child’s oral or written statement is admissible in a future proceeding concerning the matter about which the statement was given if certain requirements are met.  
See id.
  Subsection 51.095(a)(1)(A) provides that a child’s written statement is admissible if the statement is made in writing while the child is in the custody of an officer, in a detention facility or other place of confinement, or in possession of the Department of Protective and Regulatory Services (n/k/a Department of Family and Protective Services) and if, at some time before making the statement, the child received from a magistrate the statutory warnings regarding the right to remain silent, to have an attorney present during questioning, and to terminate the interview.  
Id.
 § 51.095(a)(1)(A).  Section 51.09 provides that a child may waive any right granted to him if the waiver is voluntary.  
Id.
 § 51.09(3). 

During the adjudication proceedings, the State called the magistrate judge, Judge Valverde, to testify, and he explained the discrepancy in the time notations.  Judge Valverde explained that A.J., like all juveniles, received the statutory warnings twice.  He initially read A.J. his rights at 10:35 a.m. before A.J. made any statement.  A.J. then made his statement, and Judge Valverde again went over the warnings with A.J., read the statement to A.J., observed A.J. sign the statement, and made a determination that A.J. understood the contents of the statement and made the statement voluntarily after waiving his rights.  Judge Valverde noted that these warnings occurred at 11:43 a.m., after A.J. had made his statement. 

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391. 

Here the record clearly indicates that Judge Valverde warned A.J. of his rights before A.J. made a statement.  When A.J. had completed his statement, Judge Valverde administered the same statutory warnings to A.J. for a second time and made a determination that A.J. understood the warnings and had made his statement voluntarily.  Judge Valverde expressly testified that A.J. was warned in compliance with family code section 51.095.  In light of this testimony, the trial court did not err or abuse its discretion by admitting A.J.’s statement.  
See Jeffley v. State
, 38 S.W.3d 847, 858 & n.4 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  We overrule A.J.’s sole point.

IV.  Conclusion

Having overruled A.J.’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: June 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
A.J. characterizes his efforts to exclude his confession as a “motion,” but the record shows that A.J. lodged an objection.  No motion to suppress the statement is contained in the record.